# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 8, 2021

Lyle W. Cayce
Clerk

No. 21-40006
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EVERARDO LERMA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-820-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:[*]

Everardo Lerma, federal prisoner # 33342-179, appeals the district court's denial of his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On appeal, he argues that: (1) the district court's ruling does not allow for meaningful appellate review, (2) the district court abused

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40006

its discretion in treating U.S.S.G. § 1B1.13 as binding, and (3) it abused its discretion in finding that Lerma's prior recovery from COVID-19 weighed against a grant of compassionate release.

We review a district court's decision to deny a prisoner's § 3582(c)(1)(A)(i) motion for compassionate release for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court may modify a defendant's term of imprisonment, after considering the applicable 18 U.S.C. § 3553(a) factors, if the court finds that "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i).

Here, the district court sufficiently articulated reasons for denying Lerma's motion. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). The district court denied Lerma's motion based on an independent assessment of the § 3553(a) factors, and nothing suggests the court considered itself bound by § 1B1.13. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693–94. The district court erred to the extent it concluded that Lerma's prior recovery from COVID-19 also weighed heavily against his release. *See United States v. Newton*, 996 F.3d 485, 490 (7th Cir. 2021) (explaining that in the context of "compassionate release motions involving a novel virus," courts "must base factual conclusions on record evidence"). Yet, because the district court appropriately denied Lerma's motion under § 3553(a), any other error the court may have made is not grounds for reversal.

The district court's order is AFFIRMED.